# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV15-3470 PA<br>USBC Central District of California Los Angeles,<br>2:13-bk-25539-ER (BAP) | Date | December 21, 2015 |
|----------|---|------|---|
| Title | Rajinder Kumar Jawa, et al. v. Jason Rund | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        IN CHAMBERS - ORDER TO SHOW CAUSE

Before the Court is an appeal filed by Rajinder Kumar Jawa and Debra Lynn Jawa (collectively "the Jawas" or "Appellants"). The Jawas challenge an order issued by the United States Bankruptcy Court on April 13, 2015 granting in part and denying in part the Chapter 7 Trustee's motion to require the Jawas to appear and show cause why (1) they should not be held in contempt of court and sanctioned under 11 U.S.C. § 105, (2) they should not be sanctioned under the Bankruptcy Court's inherent authority for their bad faith conduct, and (3) they should not be incarcerated if they failed to timely pay non-exempt funds plus attorneys' fees and costs.

The Jawas commenced a voluntary, joint Chapter 7 bankruptcy case on June 13, 2013. (Supplemental Excerpt of Record ("SER"), Ex. 4.) On September 26, 2013, the Trustee, Jason Rund (the "Trustee"), objected to the Jawas' claimed exemptions in certain insurance policies and annuities. (SER, Ex. 8.) The Trustee requested an order to turn over the non-exempt surrender value of these assets. (Id.) The Jawas did not oppose the Trustee's request. On November 6, 2014, following a hearing, the Bankruptcy Court granted the Trustee's request, in part, and ordered the turnover of a portion of the non-exempt values of these assets by January 30, 2015. (SER, Ex. 2.)

The Jawas did not move for reconsideration of the Turnover Order and did not file a notice of appeal. Nor did they turn over the assets as required. On February 13, 2015, the Trustee filed his motion for an order to show cause regarding sanctions. (SER, Ex. 3.) The Bankruptcy Court issued the order to show cause on February 25, 2015. (SER, Ex. 10.) The Jawas filed a Response on March 13, 2015. (SER, Ex. 12.) The Jawas explained their failure to comply with the Turnover Order by noting that Mr. Jawa had been "out of the country on family business" for "a number of weeks" and that drafting errors by their previous attorney warranted modification of the Turnover Order. (Id.)

Following a hearing on March 31, 2015, the Bankruptcy Court entered its tentative ruling, which included findings of fact and conclusions of law. (SER, Ex. 15.) The Court found that its Turnover Order was a definite order and that the Jawas failed to comply. (Id. at 798.) The Court decided that "stringent sanctions" were appropriate under 11 U.S.C. § 105. (Id. at 800.) In its April 13, 2015 order,

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV15-3470 PA<br>USBC Central District of California Los Angeles,<br>2:13-bk-25539-ER (BAP) | Date | December 21, 2015 |
|---|---|---|---|
| Title | Rajinder Kumar Jawa, et al. v. Jason Rund | | |

the Court held the Jawas in civil contempt for willful failure to comply with the Turnover Order and ordered the following sanctions: $4,066.11 (85% of the non-exempt value of an Ameriprise Life Insurance account ending -3439 1004), $9,254.57 (85% of the non-exempt value of an Ameriprise Life Insurance account ending -6465 2004), $10,979.31 (85% of the non-exempt value of an Ameriprise Life Insurance account ending -6451 3004), and legal fees totaling $15,147.22. (SER, Ex. 1.) The Court ordered that the Jawas' payment of the "Insurance Sanctions" portion of this order "will be credited toward the respective outstanding balances owed under the Turnover Order." (Id.) The Jawas appeal the April 13, 2015 order.

In their Opening Brief, the Jawas state that this Court has jurisdiction to hear their appeal based on 28 U.S.C. § 158(b). This is incorrect. Subsection 158(b) provides for the establishment of the bankruptcy appellate panel service; it makes no provision for the district courts' appellate jurisdiction. However, subsection 158(a) provides as follows:

> The district courts of the United States shall have jurisdiction to hear appeals
>
> > (1) from final judgments, orders, and decrees;
> >
> > (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
> >
> > (3) with leave of the court, from other interlocutory orders and decrees;
>
> and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

A civil contempt order is generally not a "final judgment, order, [or] decree." See Oliner v. Kontrabecki, 305 B.R. 510 (N.D. Cal. 2004) ("Orders of civil contempt entered against a party during the course of a pending civil action are not generally appealable until final judgment."). Thus, it is not clear that subsection (a)(1) applies. Nor does subsection (a)(2) apply. Moreover, leave to appeal under subsection (a)(3) "'should not be granted unless refusal would result in wasted litigation and expense, the appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion, and an immediate appeal would materially advance the ultimate termination of the

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV15-3470 PA<br>USBC Central District of California Los Angeles,<br>2:13-bk-25539-ER (BAP) | Date | December 21, 2015 |
|---|---|---|---|
| Title | Rajinder Kumar Jawa, et al. v. Jason Rund | | |

litigation.'" <u>In re Carinalli</u>, No. C–10–2698 MMC, 2010 WL 4226730, at *4 (N.D. Cal. Oct. 21, 2010) (quoting <u>In re NSB Film Corp.</u>, 167 B.R. 176, 180 (B.A.P. 9th Cir. 1994)). It is not readily apparent from the current record that these elements are satisfied.

      For the foregoing reasons, the Court hereby orders Appellants to show cause, in a written Response not to exceed ten (10) pages and filed no later than January 11, 2016, why their appeal should not be dismissed for lack of jurisdiction. In their Response, Appellants may elect to show that the challenged order is "final" for purposes of 28 U.S.C. § 158(a). In this case, Appellee may file a Reply no later than January 19, 2016. In the alternative, Appellants may file a noticed motion for leave to appeal from an interlocutory order pursuant to 28 U.S.C. § 158(c).

      IT IS SO ORDERED.

cc:    United States Bankruptcy Judge Ernest M. Robles