JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV15-3470 PA<br>USBC Central District of California, Los Angeles<br>2:13-bk-25539-ER (BAP) | Date | January 26, 2016 |
|---|---|---|---|
| Title | Rajinder Kumar Jawa, et al. v. Jason Rund | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

On December 21, 2015, this Court ordered appellants Rajinder Kumar Jawa and Debra Lynn Jawa (collectively "the Jawas" or "Appellants") to show cause why their appeal should not be dismissed for lack of jurisdiction. The Court instructed Appellants that they could elect either (1) to show that the order challenged in their appeal is "final" for purposes of 28 U.S.C. § 158(a) or (2) to file a noticed motion for leave to appeal from an interlocutory order pursuant to 28 U.S.C. § 158(c). Appellants elected the first option and filed a Response. (Docket No. 16.) Trustee and appellee, Jason Rund ("Trustee" or "Appellee"), filed a Reply. (Docket No. 17.)

**I.     Background**

The Jawas challenge an order issued by the United States Bankruptcy Court on April 13, 2015 holding the Jawas in civil contempt and imposing sanctions. The Jawas commenced a voluntary, joint Chapter 7 bankruptcy case on June 13, 2013. (Supplemental Excerpt of Record ("SER"), Ex. 4.) On September 26, 2013, the Trustee objected to the Jawas' claimed exemptions for certain insurance policies and annuities. (SER, Ex. 8.) The Trustee requested an order to turn over the non-exempt surrender value of these assets. (Id.) The Jawas did not oppose the Trustee's request. On November 6, 2014, following a hearing, the Bankruptcy Court granted the Trustee's request, in part, and ordered the turnover of a portion of the non-exempt values of these assets by January 30, 2015 (the "Turnover Order"). (SER, Ex. 2.)

The Jawas did not turn over the assets as ordered. Nor did they move for reconsideration of the Turnover Order or file a notice of appeal. On February 13, 2015, the Trustee filed his motion for an order to show cause regarding sanctions. (SER, Ex. 3.) The Bankruptcy Court issued the order to show cause on February 25, 2015. (SER, Ex. 10.) The Jawas filed a Response on March 13, 2015. (SER, Ex. 12.) The Jawas explained the reason for their failure to comply was that Mr. Jawa had been "out of the country on family business" for "a number of weeks" and that drafting errors by their previous attorney warranted modification of the Turnover Order. (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-3470 PA<br>USBC Central District of California, Los Angeles<br>2:13-bk-25539-ER (BAP) | Date | January 26, 2016 |
|---|---|---|---|
| Title | Rajinder Kumar Jawa, et al. v. Jason Rund | | |

      Following a hearing on March 31, 2015, the Bankruptcy Court entered its earlier tentative ruling, which included findings of fact and conclusions of law. (SER, Ex. 15.) The Court found that its Turnover Order was a definite order and that the Jawas failed to comply. (Id. at 798.) The Court decided that "stringent sanctions" were appropriate under 11 U.S.C. § 105. (Id. at 800.) In its April 13, 2015 order, the Court held the Jawas in civil contempt for their willful failure to comply with the Turnover Order and ordered the following sanctions: $4,066.11 (85% of the non-exempt value of an Ameriprise Life Insurance account ending -3439 1004), $9,254.57 (85% of the non-exempt value of an Ameriprise Life Insurance account ending -6465 2004), $10,979.31 (85% of the non-exempt value of an Ameriprise Life Insurance account ending -6451 3004), and legal fees totaling $15,147.22. (SER, Ex. 1.) The Court ordered that the Jawas' payment of the "Insurance Sanctions" portion of this order "will be credited toward the respective outstanding balances owed under the Turnover Order." (Id.)

**II.    Analysis**

      28 U.S.C. § 158(a) provides, in relevant part, that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . ." A civil contempt order is generally not a final judgment, order, or decree. See Oliner v. Kontrabecki, 305 B.R. 510, 521 (N.D. Cal. 2004) ("Orders of civil contempt entered against a party during the course of a pending civil action are not generally appealable until final judgment."). Appellants argue that there is a direct correlation between civil and criminal sanctions and the distinction between coercive and punitive sanctions: A sanction is civil if and only if it is coercive, and a sanction is criminal if and only if it is punitive. Thus, Appellants direct the Court to Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468 (9th Cir. 1992), which held that:

> Whether contempt is criminal or coercive civil is determined by the purpose of the sanction. If the sanction is intended to punish past conduct, and is imposed for a definite amount or period without regard to the contemnor's future conduct, it is criminal. If the sanction is intended to coerce the contemnor to comply with the court's orders in the future, and the sanction is conditioned upon continued noncompliance, it is civil.

Id. at 1481. However, this rule only addresses the distinction between "coercive civil" and criminal sanctions. It does not preclude the existence of other types of civil sanctions. Accordingly, Appellee cites to authorities holding that "[t]here are three types of contempt sanctions: punitive, compulsory, and compensatory. The first is a criminal contempt sanction. The latter two are civil." United States v. Asay, 614 F.2d 655, 659 (9th Cir. 1980). When accounting for compensatory civil sanctions, the Ninth Circuit's rule for distinguishing between civil and criminal sanctions is broader than that applied in Richmark:

> Under the sanction test if the purpose of the relief is to compel the respondent to comply or to compensate the petitioner for the refusal, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-3470 PA<br>USBC Central District of California, Los Angeles<br>2:13-bk-25539-ER (BAP) | Date | January 26, 2016 |
|---|---|---|---|
| Title | Rajinder Kumar Jawa, et al. v. Jason Rund | | |

> contempt proceeding is civil in nature. If the purpose is to punish the
> respondent and vindicate the court, the proceeding is criminal.

Asay, 614 F.2d at 659; see also In re Dyer, 322 F.3d 1178, 1192 (9th Cir. 2003) ("We recently explained the difference between civil sanctions and criminal sanctions: Civil penalties must either be compensatory or designed to coerce compliance."). "A compensatory fine must be limited to actual damages incurred as a result of the violation. . . . Actual loss includes attorneys fees and costs incurred in securing compliance with the order." In re Count Liberty, LLC, 370 B.R. 259, 274 (C.D. Cal. 2007) (internal citations omitted).

The Jawas maintain that the April 13, 2015 order was punitive and therefore criminal because (1) they were not refusing to comply with the Turnover Order and (2) the sanctions were based on the "approximate" surrender value of their insurance accounts. First, according to the Jawas, "[t]he sanction was to punish [them] for being late in complying [with the Turnover Order], even as they were pledging to comply and, at the time of ruling had already partially complied by getting the largest amount removed from the insurance policy and turning it over to the Trustee." (Response at 3.) Appellants suggest, in other words, that no coercion was required to secure their compliance with the Turnover Order, so the sanctions must have been punitive. This argument, which simply ignores the third category of civil compensatory sanctions, is not compelling.

Second, according to Appellants, the Turnover Order "did not state a specific number to be turned over, as the value on the accounting the Trustee submitted was stale and approximate." (Response at 4.) Because the partial surrender value on certain policies was lower by the time the sanctions were imposed, "[a]ny additional amount added was punitive in nature, intended to punish the Debtors for being late in paying the judgment amount."[1/] (Id.) Appellee argues, in turn, that pursuant to 11 U.S.C. § 541(a), "the bankruptcy estate's interest in the Life Insurance Policies is valued as of June 13, 2013 . . ., not the first quarter of 2015." (Reply at 5.) Neither argument squarely addresses the central question: whether the purpose of the Insurance Sanctions was to compensate or to punish. See Asay, 614 F.2d at 659. The Bankruptcy Court clearly expressed its compensatory purpose in the March 31, 2015 order: "The Trustee does not request and the Court does not order that the Debtors pay the following sanctions out of exempt assets." (SER, Ex. 15 at 10.) Moreover, the Court ordered the Debtors "to pay an amount equal to the non-exempt insurance proceeds"—i.e. an amount they had already been ordered to pay. (Id. at 14.) The Bankruptcy Court specifically noted that these payments

---

[1/]   Appellants also claim that "the higher amount [the 2013 value as opposed to the 2015 value] is more than the amount that was anticipated by the Court's original Order for Turnover, which merely stated that the Debtors were to turnover 85% of the present value." (Response at 4, emphasis added.) This is a blatant misrepresentation of the Turnover Order, which makes no mention of "present value" and recites the same or higher surrender values as those used to calculate the Insurance Sanctions amount. (See SER, Ex. 2 at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-3470 PA<br>USBC Central District of California, Los Angeles<br>2:13-bk-25539-ER (BAP) | Date | January 26, 2016 |
|---|---|---|---|
| Title | Rajinder Kumar Jawa, et al. v. Jason Rund | | |

would be credited towards outstanding balances on the Turnover Order (SER, Ex. 1 at 3) and declined to impose additional sanctions based on annuities that Appellants claimed were exempt (SER, Ex. 15 at 14).  The Bankruptcy Court thus sought to compensate the estate for Appellants' failure to comply with the Turnover Order by imposing sanctions in the amount that it determined was due under the Turnover Order plus legal costs incurred to secure compliance.  Therefore, the Bankruptcy Court imposed civil compensatory sanctions.

## Conclusion

Because this appeal concerns a civil contempt order and not a final judgment, order, or decree, this Court lacks jurisdiction.  The appeal is dismissed.

IT IS SO ORDERED.